**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chunhua Li,<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule "A",<br><br>Defendants. | ) | Case No. 1:26-cv-04472<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Heather K. McShain |

**SUPPLEMENTAL MEMORANDUM FOR PERSONAL JURISDICTION**

**NOW COMES** Chunhua Li ("Plaintiff"), by and through Plaintiff's undersigned counsel, respectfully submits Supplemental Memorandum Regarding Personal Jurisdiction ("Memorandum") in response to this Court's Order [Dkt. 13].

## I. BACKGROUND

This case was filed by Plaintiff on April 21, 2026, to combat foreign-based Internet stores offering for sale and/or selling products using infringing and counterfeit versions of Plaintiff's federally registered trademarks ("Infringing Products") to consumers in this Judicial District.

## II. LEGAL STANDARD

Under Seventh Circuit law, personal jurisdiction must be analyzed separately for each Defendant. In Schedule A cases, the Court must apply a three-part test for specific personal jurisdictional: (1) the Defendants' contacts with the forum state must show that they purposefully availed themselves of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) Plaintiff's alleged injury must

have arisen out of the Defendants' forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022).

In *NBA Properties*, the Seventh Circuit established that the touchstone of purposeful direction is how the defendant structures its own commercial operations to target the forum state. The Court held that the defendant "structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them," and therefore could not "point to its 'customers in Illinois and tell us, "It was all their idea."'" *Id*. at 625 (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 428 (7th Cir. 2010)). Specifically, the Court found purposeful direction where the defendant "established an online store" and "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." *Id*. at 624. The Court further noted that a defendant's actions are purposefully directed where it "created an interactive website and explicitly provided that Illinois residents could purchase its products through that website," "arranged for the sale of its products through third-party websites," "sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address," and ultimately "shipped the product to its customers who were in Illinois." *Id.*

Most recently, in *Yinnv Liu v. Monthly*, No. 25-2074, (7th Cir. Mar. 31, 2026), the Seventh Circuit vacated a default judgment in a Schedule A case for lack of personal jurisdiction. In *Liu*, the only evidence supporting personal jurisdiction consisted of screenshots from Walmart's checkout page showing a Chicago shipping address and an estimated total, but no completed purchase and no direct communications with the

defendant. *Id*. at 6-7. The Court held that merely operating an accessible online store that offers shipping to the United States, without more, is insufficient to establish purposeful direction. *Id*. at 6 (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020)).

## III. ARGUMENT

Unlike the circumstances in *Liu*, Plaintiff here has proffered concrete evidence demonstrating that Defendants not only offered shipping to Illinois, but successfully fulfilled those orders and shipped infringing products to residents within the state.

As detailed in Exhibits 1-9 of Docket 11, Plaintiff has provided complete Order Summaries confirming that the transactions were finalized, payment was processed, and the Infringing Products were physically delivered to a resident located in Chicago, Illinois. For the Court's convenience, an illustrative screenshot confirming successful delivery is provided below:

### Order Summary

Order placed February 23, 2026 | Order # 106-4994181-4087859 — Print

**Ship to**
Ye Liu
1519 W WARREN BLVD UNIT 503, PMB 171
CHICAGO, IL 60607-1846
United States

**Payment method**
Mastercard ending in 2963
View related transactions

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $8.99 |
| Shipping & Handling: | $5.99 |
| Total before tax: | $14.98 |
| Estimated tax to be collected: | $0.92 |
| **Grand Total:** | **$15.90** |

**Delivered March 8**
It was handed directly to a receptionist or someone at a front desk.




Certified Torta Pounder Hats for Men Cool Washed yiranguwo Distressed Baseball Caps
Sold by: ZHANGJY-US
Supplied by: Other
Return or replace items: Eligible through April 8, 2026
$8.99

This completed transaction and physical shipment into the forum state squarely satisfy the purposeful direction standard articulated in *NBA Properties*, establishing that Defendants actively exploited the Illinois market.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court find specific personal jurisdiction over the Defendants and grant such other and further relief as the Court deems just and proper.

Dated: April 30, 2026

Respectfully submitted,

/s/Wengang He
1450 E 55th Pl,
Chicago, IL 60637
Illinois Bar No. 6289708
custoslex@gmail.com
Phone: (858)2498706

*Counsel for Plaintiff*