**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chunhua Li, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04472 |
| v. | ) | Judge Joan H. Lefkow |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) | Magistrate Judge Heather K. McShain |
| Defendants. | ) | |

**PLAINTIFF'S AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT AS TO CERTAIN DEFENDANTS**

Plaintiff, Chunhua Li, hereby moves this Honorable Court for Entry of a Consent Judgment as to certain defendants identified on Exhibit A ("Settled Defendants"). In support of this Motion, Plaintiff states as follows:

Settled Defendants are sellers on the amazon.com platform that is operated by Amazon.com, Inc. ("Amazon"). The settlement agreement between Plaintiff and Settled Defendants (together, the "Parties") requires Amazon to transfer the settlement amounts from the funds held in Defendants' Amazon accounts to Plaintiff. However, Amazon will not transfer the funds without a Court Order. Thus, if the Court does not grant the Motion, the Parties will be unable to execute the terms of their agreement, and the lawsuit will continue as to Defendants.

**STATEMENT OF FACTS**

On April 21, 2026, Plaintiff filed a complaint based on trademark infringement, counterfeiting, and false designation origin against all defendants identified on Schedule A [Dkt. 1]. Plaintiff is the owner of trademarks No. 6,261,932 ("Plaintiff's Mark") [Dkt 1, at

¶19]. Settled Defendants are sellers on Amazon's online marketplace, that offered for sale and sold products using infringing and counterfeit reproductions of Plaintiff's Mark. *See* Dkt. 11, Exhibit 1-9.

Plaintiff and Settled Defendants initiated settlement discussions and subsequently reached agreements. Specifically, Plaintiff and Settled Defendants agreed that Settled Defendants would cease all further infringing activity and pay Plaintiff the amounts shown in the table below from Settled Defendants' Amazon accounts for infringing the Plaintiff's Mark.

The Parties also agreed that Plaintiff would dismiss Settled Defendants from this action upon receipt of payments. The proposed Consent Judgment accurately reflects the Parties' settlement agreement.

## ARGUMENT

### I. PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT APPROVE THE PROPOSED CONSENT JUDGMENT

#### A. Standard for Approval of a Proposed Consent Judgment

A consent judgment is a court order which embodies terms agreed upon by the parties as a compromise to litigation. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). It is essentially a judicially approved contract, for purposes of construction. *Id*. While maintaining all of the prestige of a judicial ruling, "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Id*. (quoting, *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)). Moreover, it is the parties' agreement which creates obligations embodied in the consent judgment, rather "than the force of the law upon which the complaint was

originally based." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

A district court should enter a proposed consent judgment if it "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 383 (7th Cir. 2019). Courts give great deference to the settling parties when reviewing a proposed consent judgment, as this promotes the "particularly strong" public policy of encouraging settlement. *See Acosta v. Bratcher*, 343 F. Supp. 3d 108, 111–12 (W.D.N.Y. 2018) (discussing its deferential standard of review when deciding whether to approve a consent judgment).

To be sure, the court is not a mere "rubber stamp," obligated to accept and enforce any terms to which the parties agree. *N.L.R.B. v. Brooke Industries Inc.*, 867 F.2d 434, 435 (7th Cir. 1989). However, the reviewing court is not to substitute its judgment for the parties'; the court must merely assure itself that the terms are not unfair, unlawful, unreasonable, or in contravention to public policy. *Lopez-Aguilar*, 924 F.3d at 383; *Acosta*, 343 F. Supp. at 112. Absent a substantial showing in the record that the proposed consent judgment falls short of the above requirement, the district court is required to enter the order. *Acosta*, 343 F. Supp. at 112; 49 C.J.S. Judgments § 230 ("Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies[.] Absent fraud or lack of consent, a trial court

generally must approve an agreed or consent judgment."); 10 Cyc. of Federal Proc. § 35:71 (3d ed.). Further, just as a consent judgment is not a judicial determination of any litigated rights (49 C.J.S. Judgments § 229), a federal court is not barred from entering a consent judgment even if the decree provides for broader relief than the court would have awarded after a full trial on the merits. *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

**B. The Proposed Consent Judgment Meets the Standard for Approval**

The proposed Consent Judgment "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-Aguilar*, 924 F.3d at 383. Further, the order is fair and reasonable, supported by public policy, and the express wishes of the Parties. Thus, the proposed Consent Judgment should be entered.

The proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction. This court has original subject matter jurisdiction pursuant to the to the provisions of the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. The proposed Consent Judgment enjoins Defendants from infringing the Plaintiff's Mark, and the Court has jurisdiction to grant this relief. Proposed Consent Judgment at ¶ 1. This Court would retain subject matter jurisdiction over this matter for at least one hundred eighty (180) days after the Order is entered (Proposed Consent Judgment at ¶ 5), which is sufficient time to be sure the matter is fully resolved. *See Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Once the terms

of the proposed Consent Judgment are fully executed, the dismissal with leave converts to a dismissal with prejudice, and the case is terminated—i.e., the dispute is resolved. Proposed Consent Judgment at ¶ 5. Thus, the proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction.

The proposed Consent Judgment is squarely within the general scope of the pleadings. The Complaint alleges claims of trademark infringement, counterfeiting, and false designation of origin, and the requested relief is both injunctive and monetary [Dkt. 1]. The proposed Consent Judgment states, in part, that Plaintiff and Defendants have resolved all claims "arising from the allegations in the Complaint" and Defendants are enjoined from infringing the Plaintiff's Mark. Proposed Consent Judgment at ¶ 1. Thus, the proposed Consent Judgment is within the general scope of the pleadings.

Finally, the proposed Consent Judgment furthers the objectives of trademark law. The Lanham Act provides remedies for trademark owners whose trademarks have been infringed. *See*, e.g., 15 U.S.C §§ 1114, 1117. The proposed Consent Judgment furthers these objectives.

None of the terms in the proposed Consent Judgement, or the negotiations which preceded its drafting, are unfair, unreasonable, illegal, or in contravention of public policy. The Order's terms were mutually reached by the Parties, all of which are represented by counsel.

**CONCLUSION**

Given the proposed Consent Judgment meets the requirements for approval, Plaintiff respectfully requests that the Court grant the Motion for Entry of Consent Judgment as to Settled Defendants.

Dated: June 16, 2026

Respectfully submitted,

/s/Wengang He
1450 E 55th Pl,
Chicago, IL 60637
Illinois Bar No. 6289708
custoslex@gmail.com
Phone: (858)2498706

*Counsel for Plaintiff*